IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY | : | |
| Plaintiff, | : : : | |
| v. | : | Civ. No. 10-99-LPS |
| JAMES A. HEGEDUS and VIRGINIA HEGEDUS | : : : | |
| Defendants. | : : | |

Sheldon Kevin Rennie, Esquire, of FOX ROTSCHILD LLP, Wilmington, Delaware, and Edward J. Hayes, Esquire, of FOX ROTSCHILD LLP, Philadelphia, Pennsylvania.

Attorneys for Plaintiff.

James A. Hegedus, Staunton, Virginia, pro se.

Virginia Hegedus, Staunton, Virginia, pro se.

**MEMORANDUM OPINION**

September 30, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Presently before the Court are a Motion to Dismiss for failure to state a claim and Request for Relief[1] (D.I. 17) filed by Defendants James A. Hegedus and Virginia Hegedus ("Defendants"), a Motion to Strike the Motion to Dismiss (D.I. 19) filed by Plaintiff First American Insurance Company ("Plaintiff" or "First American"), and a Motion to Strike Plaintiff's Memorandum of Law in support of the Motion to Strike (D.I. 29) filed by Defendants. For the reasons that follow, the Court will deny the motions to strike and the motion to dismiss and set deadlines for additional submissions relating to what the Court construes as Defendants' motion for judgment on the pleadings.

## II. BACKGROUND

On February 2, 2010, Plaintiff filed this declaratory judgment action regarding a title insurance policy issued by Plaintiff in connection with Defendants' purchase of real property in Delaware. (D.I. 1) ("Complaint" or "Compl.") Defendants had submitted a claim to First American under their policy in December 2008; First American had denied the claim in March 2009. (Compl. ¶¶ 25, 30; D.I. 6 ("Answer") ¶¶ 25, 29) Thereafter, the parties corresponded about the denial of Defendants' claim. (D.I. 17 ¶ 17; D.I. 19 ¶ 17)

In this action, Plaintiff seeks a declaration of its obligations under the title insurance policy. (Compl. ¶ 82) Defendants, in turn, filed a counterclaim for breach of contract and failure to act in good faith. (Answer at 18)

---

[1] The Court construes the Request for Relief filed by Defendants as a motion for judgment on the pleadings.

1

Defendants filed their Motion to Dismiss and Request for Relief in April 2010. (D.I. 17) Plaintiff then moved to strike the Motion to Dismiss because it was submitted after Defendants had already filed their Answer. (D.I. 19) Plaintiff submitted its Memorandum of Law in support of its Motion to Strike on July 16, 2010. (D.I. 26) Then, on July 29, 2010, Defendants moved to strike Plaintiff's Memorandum. (D.I. 29) On August 17, 2010, this case was reassigned from now-retired Judge Joseph J. Farnan, Jr. to the undersigned judge.

## III. DISCUSSION

### A. Defendants' Motion to Strike Plaintiff's Memorandum in Support of Plaintiffs' Motion to Strike

Plaintiff filed its Motion to Strike Defendants' Motion to Dismiss on April 29, 2010. (D.I. 19) On July 1, 2010, not having received any filings in response to Plaintiff's Motion to Strike, the Court entered an Order setting a deadline of July 16, 2010 for additional submissions relating to Defendants' Motion to Dismiss or to Plaintiff's Motion to Strike. (D.I. 21) Then, on July 16, 2010, Plaintiff filed its "Memorandum of Law in Support of Plaintiff's Motion to Strike Defendants' Motion to Dismiss or in the Alternative in Opposition to Defendants' Motion to Dismiss." (D.I. 26) Although Defendants complain that Plaintiffs' Memorandum of Law is untimely (D.I. 29), in fact it was filed in compliance with the Court's July 1, 2010 Order. Accordingly, the Court will deny Defendants' Motion to Strike.

### B. Plaintiff's Motion to Strike Defendants' Motion to Dismiss

"Generally, motions to dismiss must be filed before or with a responsive pleading, if one is required." *Toy v. Plumbers & Pipefitters Local No. 74 Pension Plan*, 439 F. Supp. 2d 337, 341 (D. Del. 2006) (citing Fed. R. Civ. Pr. 12(b)). However, because Defendants proceed pro se,

2

the Court liberally construes documents they file and will not penalize them for failure to timely present their motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, Plaintiff's Motion to Strike will be denied.

### C.     Motion to Dismiss

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery

will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Defendants contend that Plaintiff's Complaint is deficient because there is no actual case or controversy between the parties and, therefore, no grounds for declaratory relief exist. (D.I. 17 ¶ 8; D.I. 23 at 3) Plaintiff responds that the Complaint alleges an actual controversy between the parties arising out of the title insurance policy. (D.I. 26 at 11)

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Supreme Court has stated that determining whether declaratory judgment jurisdiction exists requires consideration of the "facts alleged, under all the circumstances," in order to evaluate whether they "show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.

4

Ct. 764, 771 (2007) (internal quotation marks omitted). Declaratory judgment actions are expressly contemplated in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 57. More specifically, "declaratory relief is available to a plaintiff insurance company when it seeks to define its rights and obligations regarding one of its customers." *Household Int'l v. Westchester Fire Inc. Co.*, 286 F. Supp. 2d 369, 376 (D. Del. 2003).

Here, Plaintiff alleges that Defendants made a claim under the title insurance policy, which was denied after an investigation. (Compl. ¶¶ 25, 28-30) After Defendants disagreed with the denial, Plaintiff conducted additional review and reached the same conclusion as before: that the claims were not covered under the policy. (Compl. ¶¶ 32-34) Thereafter, Defendants continued to send letters to First American and filed a complaint with Delaware Department of Insurance. (Compl. ¶¶ 36-42) First American hired outside counsel to investigate Defendants' claim and provide an opinion letter. (Compl. ¶¶ 43-45) Outside counsel reached the conclusion – denial of the claim was proper – and exchanged several letters with Defendants. (Compl. ¶¶ 47-51) Defendants remained unsatisfied with this conclusion, and continued sending letters to employees, officers, and directors of First American expressing their disagreement. (Compl. ¶ 51)

In evaluating Defendants' Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations in the Complaint and view them in the light most favorable to Plaintiff. Having done so, the Court concludes there is an actual dispute between the parties regarding the scope of insurance coverage. Thus, considering all the circumstances, First American has stated a claim on which relief may be granted. Therefore, Defendants' Motion to Dismiss will be denied.

### D. Motion for Judgment on the Pleadings

As part of their Motion to Dismiss, Defendants included a "Request for Relief," asking the Court to grant judgment against First American on Defendants' counterclaims and award Defendants damages in the amount of $175,000. (D.I. 17 at 4) The Court liberally construes Defendants' submission as a motion for judgment on the pleadings. First American, which could not have been certain the Court would construe Defendants' Request for Relief in this manner, has not responded to a motion for judgment on the pleadings. Therefore, the Court will enter a schedule to complete briefing on Defendants' motion for judgment on the pleadings.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny both motions to strike as well as Defendants' motion to dismiss. The Court will enter a schedule to complete briefing on Defendants' motion for judgment on the pleadings. An appropriate Order follows.