**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY | : | |
| Plaintiff, | : | C. A. No. 10-099-LPS-MPT |
| v. | : | |
| JAMES A. HEGEDUS and VIRGINIA HEGEDUS | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

### A. Procedural Background

First American Title Insurance Company ("plaintiff") filed its complaint, seeking declaratory judgment in an action involving a title insurance policy issued by plaintiff in connection with James A. Hegedus and Virginia Hegedus' ("defendants") purchase of real property in Delaware, on February 8, 2010.[1] On March 1, 2010, defendants filed an answer to the complaint that included counterclaims for breach of contract and failure to act in good faith.[2] Plaintiff filed its answer to defendants' counterclaims on March 16, 2010.[3]

On April 23, 2010, defendants filed a motion to dismiss, alleging "Plaintiff's bad faith, egregious behavior, malice, harassment, denial of due process, and continuing

[1] D.I. 1.
[2] D.I. 6.
[3] D.I. 8.

misrepresentations" warranted dismissal.[4] Since defendants had already filed an answer to the complaint, on April 29, 2010, plaintiff filed a motion to strike defendants' motion to dismiss, or, in the alternative, to deny the motion.[5]

On September 30, 2011, the court denied defendants' motion to dismiss, as well as plaintiff's motion to strike defendants' motion to dismiss.[6] As part of the order and memorandum opinion, the court indicated that the portion of defendants' motion to dismiss, designated "Request for Relief," would be treated as a motion for judgment on the pleadings.[7]

**B. Legal Standard**

Pursuant to FED. R. CIV. P. 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." The moving party is required to show that it is entitled to judgment as a matter of law.[8] The court does not consider matters outside the pleadings, and it must accept the non-moving party's allegations as true, drawing all reasonable inferences in the non-movant's favor.[9] The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing

---

[4] D.I. 17 at 4.

[5] D.I. 19.

[6] *First Am. Title Ins. Co. v. Hegedus*, C.A. No. 10-099 LPS, 2011 WL 4566448 (D. Del. Sept. 30, 2011).

[7] *Id.*

[8] *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005); *Inst. for Sci. Info., Inc. v. Gordon & Breach Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991).

[9] *Mele v. Fed. Reserve Bank*, 359 F.3d 251, 257 (3d Cir. 2004); *Inst. For Sci Info., Inc.*, 931 F.2d at 1005; *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998).

pleadings and exhibits thereto, and the documents incorporated by reference.[10] Judgment will not be granted "unless the movant clearly establishes that no material fact remains to be resolved and that he is entitled to judgment as a matter of law."[11]

### C. Positions of the Parties

Defendants contend plaintiff has continued to breach its duty of good faith and fair dealing.[12] Plaintiff counters defendants' Rule 12(c) motion should be denied because a review of the pleadings establish there are no agreed upon facts in the pleadings which would permit a judgment in favor of defendants, and defendants are not entitled to judgment as a matter of law.[13]

## II. ANALYSIS

Defendants' counterclaims allege plaintiff: (1) has "couched complaint in a manner to mislead the court;" (2) "[is] not acting in good faith;" and (3) "submits bogus documents to the State of Delaware."[14]  In the counterclaim making these allegations, defendants do not assert a legal basis for their claims and rely only upon bald conclusions, conclusions which plaintiff denies in its answer.[15]  In answering specific allegations, plaintiff "asserts that it has acted in good faith in its handling of defendants' claim under the policy" and states that "it is denied that the commitment is a bogus commitment."[16]

---

[10] Wright and Miller, *5C Fed. Prac. & Proc. Civ. 3d* § 1367 (1990).
[11] *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).
[12] D.I. 43.
[13] D.I. 42 at 11, 13-14.
[14] D.I. 6 at 18-22.
[15] D.I. 8 at 1-5.
[16] D.I. 6 at 1, 2, 3.

In evaluating defendants' motion for judgment on the pleadings, the court must accept as true all well-pleaded factual allegations in plaintiff's answer and view them in the light most favorable to plaintiff, the non-movant. In applying the required standard, it is clear there are disputed facts between the parties regarding the allegations contained within defendants' Request for Relief. In its answer, plaintiff denies the allegations put forth by defendants in their counterclaim, denials which must be accepted as true for the purposes of defendants' motion for judgment on the pleadings.[17] Therefore, defendants have not clearly established no material issue of fact remains to be solved and they are entitled to judgment as a matter of law. As a result, this court recommends defendant's motion for judgment on the pleadings be denied.

**III. ORDER AND RECOMMENDED DISPOSITION**

For the reasons contained herein, this court recommends:

(1) Defendants' motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) (D.I. 17) is DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation.[18] The objections and response to the objections are limited to ten pages each.

---

[17] The court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. At this stage, it cannot merely accept the moving party's assertions as accurate or true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Here, the non-moving party is plaintiff.

[18] FED. R. CIV. P. 72(b)(2).

The parties are directed to the Court's Standing Order in Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Date: June 21, 2012

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE